IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DINA SOLIMAN, M.D.<br>4811 Garden Spring<br>Apt. #208<br>Glen Allen, VA  23059<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE WASHINGTON UNIVERSITY<br>2300 Eye Street, N.W.<br>Washington, DC  20037<br><br>    and<br><br>MEDICAL FACULTY ASSOCIATES, INC.<br>2150 Pennsylvania Avenue, N.W.<br>Suite 10-407<br>Washington, DC  20037<br><br>    and<br><br>UNIVERSAL HEALTH<br>SERVICES FOUNDATION<br>Universal Corporate Center<br>P.O. Box 61558<br>367 South Gulph Road<br>King of Prussia, PA  19406<br><br>    and<br><br>DISTRICT HOSPITAL PARTNERS, L.P.<br><br>    and<br><br>RICHARD B. BECKER, M.D.<br>3203 R Street, N.W.<br>Washington, DC  20007<br><br>    and | Civil Action No. 1:08-cv-01137 (RJL) |

| | |
|---|---|
| DR. MICHAEL BERRIGAN<br>1917 Westfield Street<br>Alexandria, VA  22308 | :<br>:<br>: |
| and | : |
| DR. PAUL DANGERFIELD<br>12811 Three Sisters Road<br>Potomac, MD  20854 | :<br>:<br>: |
| and | : |
| DR. JASON SANKAR<br>4803 Scarsdale Rd<br>Bethesda, MD  20816 | :<br>:<br>: |
| and | : |
| DR. RONALD GURITZKY<br>10121 Sorrel Avenue<br>Potomac, MD  20854-5011 | :<br>:<br>: |
| Defendants. | : |

## DISTRICT HOSPITAL PARTNERS, L.P.'S, UNIVERSAL HEALTH SERVICES, INC.'S AND RICHARD B. BECKER, M.D.'S MOTION TO DISMISS

COME NOW Defendants District Hospital Partners, LP ("DHP"), Universal Health Services, Inc. ("UHS"),[1] and Richard B. Becker, M.D. ("Dr. Becker") (collectively: "Defendants"), by and through their counsel, Bonner Kiernan Trebach & Crociata, LLP, and pursuant to FED.R.CIV.P. 12(b)(6), move to dismiss the Complaint filed in this action.

---

[1] In the caption to Plaintiff's Complaint, she named as a defendant Universal Health Services Foundation ("UHSF"), a nonprofit entity that was established to provide assistance to families and individuals impacted by disasters and other emergency hardship situations. However, in the body of the Complaint Plaintiff identified UHS as a defendant. As set forth herein, neither entity is a partner in DHP, the limited partnership that owns The George Washington University Hospital, and, therefore, neither entity is a proper defendant in this case.

In support of the relief herein requested, Defendants adopt and incorporate their supporting Memorandum of Points and Authorities filed herewith, and state as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted, by failing to plead any act(s) or omission(s) on the part of any of Defendants that constitute(s) interference with her business relations or "aiding and abetting" under the District of Columbia Human Rights Act;

2. Neither Universal Health Services Foundation nor Universal Health Services, Inc. is a partner in District Hospital Partners, L.P., the limited partnership that owns The George Washington University Hospital.

WHEREFORE District Hospital Partners, L.P, Universal Health Services, Inc. and Richard B. Becker, M.D. respectfully request that the Court dismiss them from this action with prejudice.

Respectfully submitted this 23rd day of July, 2008,

> **DISTRICT HOSPITAL PARTNERS, L.P.**
> **UNIVERSAL HEALTH SERVICES, INC.; and**
> **RICHARD B. BECKER, M.D.**
>
> By Counsel
>
> **BONNER KIERNAN TREBACH & CROCIATA, LLP**
>
> /s/ *Andrew J. Marcus*
> Alan S. Block, Esq. #431010
> Andrew J. Marcus, Esq. #454550
> 1233 20th Street, N.W., Suite 800
> Washington, DC 20036
> (202) 712-7000 (voice)
> (202) 712-7100 (fax)
> ablock@bktc.net
> amarcus@bktc.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Dismiss was served electronically this 23rd day of July, 2008 to:

Lynne Bernabei, Esq.
David Wachtel, Esq.
Emily Read, Esq.
Bernabei &Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009

Henry Morris, Esq.
Arent Fox, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5339

　　　　　　　　　　　　　　　　　　/s/ *Andrew J. Marcus*
　　　　　　　　　　　　　　　　　　Andrew J. Marcus

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DINA SOLIMAN, M.D.                    :

    Plaintiff,                    :

v.                                    :   Civil Action No. 1:08-cv-01137 (RJL)

THE GEORGE WASHINGTON                 :
UNIVERSITY, *et al.*
                                      :
    Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DISTRICT HOSPITAL PARTNERS, L.P.'S, UNIVERSAL HEALTH SERVICES INC.'S
AND RICHARD B. BECKER, M.D.'S MOTION TO DISMISS**

I.    **Introduction and Background**

    Plaintiff Dina Soliman, M.D. is an anesthesiologist. Complaint, ¶¶14-16. Prior to her January 26, 2007 resignation from employment, she was employed by co-defendants George Washington University ("GWU") and Medical Faculty Associates, Inc. ("MFA"). *See* Complaint, ¶¶4, 15, 17 and 18.

    In summary, Plaintiff alleges inequitable work assignment and scheduling; the spreading of false rumors that she had affairs with residents; unfair criticism of her work that ultimately led to the initiation of a peer review process that she, Plaintiff, believes was unfounded; a second-hand report of a negative performance evaluation to licensure authorities in the Commonwealth of Massachusetts based upon which she withdrew her application; and what Plaintiff characterizes as an improper report to the National Practitioners Data Bank when she resigned while under peer review investigation. Complaint, ¶¶4-110, *passim*. Importantly, however, Plaintiff makes no allegations specific to any of the Defendants filing this motion.

In her four count complaint, Plaintiff alleges that the moving defendants: (1) tortiously interfered with her employment relationship with MFA and GWU and with her business relations with potential employers (Count I); and (2) aided and abetted co-defendants GWU and MFA in discriminating and retaliating against her based on her gender (Count IV). In addition, Plaintiff alleges that her former employers, GWU and MFA: (3) discriminated against her based on gender (Count II); and (4) retaliated against her for opposing the alleged discrimination (Count III).

Plaintiff does not allege that she was employed or supervised by any of the Defendants, or that the Defendants played a role in her work assignments or schedule.[2] Nowhere in the Complaint does Plaintiff allege any single act or omission on the part of any of the moving Defendants that interfered with her business relations or aided and abetted a discriminatory or retaliatory enterprise. Indeed, none of the moving Defendants is mentioned anywhere in Paragraphs 14 through 110 of the Complaint, Plaintiff's "Factual Allegations."

As set forth below, because Plaintiff failed to plead any such facts relating the moving Defendants to her claims, Plaintiff has failed in Counts I or IV to state a claim (against the moving Defendants) upon which relief can be granted. Accordingly, the moving Defendants should be dismissed from this action. Defendant UHSF and/or UHS should be dismissed on the additional ground that they are improper defendants, because neither of them is a partner in the entity that owns the Hospital, District Hospital Partners, L.P. ("DHP"), which is a limited partnership between co-defendant GWU and UHS of DC, Inc.

---

[2] Throughout the Complaint, Plaintiff's allegations of wrongdoing involve GWU, MFA and/or persons not alleged to be agents, employees or servants of Defendants.

## II. Legal Standard

Under FED. R. CIV.P. 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Mere conclusory statements and allegations are an insufficient basis upon which Plaintiff may be granted relief. *See, Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). Consequently, Plaintiff must set forth sufficient facts that include "more than generic labels, broad conclusions, or a formulaic recitation of the elements of a cause of action." *Id.* Sufficient detail must be provided in the pleading to put the defendant on notice of the specific claims alleged. *See, Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002) (*quoting Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Supreme Court has cautioned that courts have a duty not to "conjure up unpleaded facts." *Twombly,* 127 S.Ct. at 1969. (*quoting O'Brien v. Di Grazia,* 544 F.2d 543, 546 n.3 (1st Cir. 1976)).

## III. Argument

### A. Plaintiff Fails to State a Claim for Tortious Interference with Business Relations Against the Moving Defendants.

To survive a motion to dismiss on a claim of intentional interference with a business relationship, Plaintiff must plead (1) the existence of a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the interferer, (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damage. *See Browning v. Clinton,* 292 F.3d 235, 242 (D.C.Cir.2002) (quoting *Bennett Enters. v. Domino's Pizza, Inc.,* 45 F.3d 493, 499 (D.C.Cir.1995)).

In this case, Plaintiff fails to allege that that DHP, UHS or Dr. Becker: (1) had any knowledge of what Plaintiff's employment expectation may have been, either with regard to continued GWU/MFA employment or employment with potential, future employers; or (2) engaged in any act or omission constituting interference with or causing a breach of her current or future business relations or expectations.

In the place of any such allegations, Plaintiff proffers only a conclusory allegation in Count I that "the defendants" interfered with her expectations of advantageous business relations. That substitution is insufficient. Without averring any specific act or omission on the part of the moving Defendants, Plaintiff has failed to plead a *prima facie* tortious interference claim. Accordingly, the moving Defendants should be dismissed from Count I on that basis alone.

### B. Plaintiff Fails to State a Claim Against the Moving Defendants for Aiding and Abetting in Violation of the District of Columbia Human Rights Act.

With respect to the moving Defendants, Count IV of Plaintiff's Complaint suffers from the same fatal defect in pleading as Count I: Plaintiff has failed to allege any act on the part of any of the moving Defendants that constitute "aiding and abetting" under the DCHRA.

In addition to prohibiting an employer from engaging in gender based discrimination with regard to "compensation, terms, conditions, or privileges of employment, DC Code § 2-1402.11, the District of Columbia Human Rights Act ("DCHRA") makes it unlawful for any person to "aid, abet, invite, compel, or coerce" the commission of acts proscribed under the DCHRA. See DC Code § 2-1402.62. Interpreting this provision of the DCHRA, the District of Columbia Court of Appeals has defined one who "aids and abets" a violation of the statute as someone who "in some sort associate[s] himself with the venture, participate[s] in it as

something he wishes to bring about, [and] seek[s] by his action to make it succeed." *Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 888 (D.C. 1998) (Plaintiff stated *prima facie* cause of action of aiding and abetting under DCRA against individual law firm partners who were "alleged to have personally engaged in discriminatory conduct" whether or not they are considered plaintiff's employers).

In this case, Plaintiff fails to allege discriminatory conduct on the part of DHP, UHS, UHSF, Dr. Becker or any agent, employee or servant thereof. She similarly does not assert that any of them took any action to associate themselves with or to ensure the success of any discriminatory or retaliatory venture. Instead, in Count IV of her Complaint, Plaintiff simply offers the bald assertion that the "defendants" … "aided and abetted Defendants GWU and MFA in discriminating and retaliating against [her] based on her gender, and for her assertion of her own rights…" *See* Complaint, ¶ 160.

As she did in Count I, in Count IV of her Complaint, Plaintiff relies on general, broad conclusions without pleading factual allegations that set forth a cause of action for Aiding and Abetting under the DCHRA. Accordingly, Count IV should be dismissed as to the moving Defendants.

### C.  UHS/Universal Health Services Foundation ("UHSF") must be dismissed on the additional ground that neither is a DHP partner.

Defendants UHSF and/or UHS must be dismissed on the ground that they are improper defendants. The apparent basis for Plaintiff's inclusion of UHSF and/or UHS as defendants herein, is Plaintiff's mistaken belief that one of these entities is a partner in DHP, which in turn owns the Hospital. Complaint ¶8 (describing DHP as "a limited partnership between defendant GWU and defendant UHS)".

As is clear from the Affidavit of UHS General Counsel, Matthew Klein, Esq. [Exhibit 1], neither UHS nor UHSF is a partner in DHP. In fact, DHP is a limited partnership between GWU and UHS of DC, Inc. On that additional ground, UHSF/UHS should be dismissed as a defendant herein.

## IV.    Conclusion

Plaintiff has failed to allege any act or omission on the part of the moving Defendants, or any agent, employee or servant of the moving Defendants that constitutes tortious interference under District of Columbia common law or aiding and abetting under the DCHRA. Based on the record in this matter, Defendants should be dismissed from this action. Moreover, Universal Health Services Foundation and/or Universal Health Services, Inc. should be dismissed as parties on the additional ground that neither of them is a partner in District Hospital Partners, L.P., the limited partnership that owns The George Washington University Hospital.

Respectfully submitted this 23rd day of July, 2008,

DISTRICT HOSPITAL PARTNERS, L.P.
UNIVERSAL HEALTH SERVICES, INC.; and
RICHARD B. BECKER, M.D.

By Counsel

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

  /s/ *Andrew J. Marcus*
Alan S. Block, Esq. #431010
Andrew J. Marcus, Esq. #454550
1233 20th Street, N.W., Suite 800
Washington, DC  20036
(202) 712-7000 (voice)
(202) 712-7100 (fax)
ablock@bktc.net
amarcus@bktc.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DINA SOLIMAN, M.D.                         :

    Plaintiff,                             :

v.                                         :   Civil Action No. 1:08-cv-01137 (RJL)

THE GEORGE WASHINGTON                      :
UNIVERSITY, *et al.*
                                           :
    Defendants.

### AFFIDAVIT OF MATTHEW KLEIN, ESQ.

1. My name is Matthew Klein, Esq., and I am the General Counsel for Universal Health Services, Inc.

2. I have personal knowledge of the facts set forth herein.

3. As Defendants herein, Plaintiff Dina Soliman, MD has named Universal Health Services Foundation ("UHSF") on the face of the Complaint, and Universal Health Services, Inc. ("UHS") in the body of the Complaint.

4. Plaintiff alleges, at ¶8 of the Complaint, that UHS and co-defendant George Washington University ("GWU") comprise District Hospital Partners, LP ("DHP"), the limited partnership that owns The George Washington University Hospital.

5. Neither UHSF nor UHS is a partner in DHP, which is a limited partnership



DEFENDANT'S EXHIBIT 1

between GWU and a UHS subsidiary known as "UHS of DC, Inc."

_____
Matthew Klein, Esq.

Subscribed and sworn to before me, this __22nd__ day of July, 2008.

_____
Notary Public – PA

My Commission Expires: __4/18/09__

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Joan Raulinaitis, Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires Apr. 18, 2009
Member, Pennsylvania Association of Notaries

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DINA SOLIMAN, M.D.            :

    Plaintiff,              :

v.                            :  Civil Action No. 1:08-cv-01137 (RJL)

THE GEORGE WASHINGTON         :
UNIVERSITY, *et al.*
                              :
    Defendants.

## ORDER

Upon consideration of the Motion to Dismiss filed by defendants District Hospital Partners, LP, Universal Health Services, Inc., and Richard B. Becker, M.D., any opposition thereto, and the entire record in this matter, it is this _____ day of _____, 2008, hereby

ORDERED that said motion is GRANTED; and it is

FURTHER ORDERED that Plaintiff's claims, set forth in Counts I and IV of the Complaint against Universal Health Services, Inc./Universal Health Services Foundation, District Hospital Partners, LP and Richard B. Becker, M.D., are hereby dismissed with prejudice.

It is SO ORDERED, this _____ of _____, 2008.

_____
RICHARD J. LEON
United States District Court Judge