# IN THE UNITED STATES DISTRICT COURT FOR
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DINA SOLIMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE GEORGE WASHINGTON ) <br> UNIVERSITY, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: 1:08-cv-01137-RJL |

## THE GEORGE WASHINGTON UNIVERSITY'S MOTION
## FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

The George Washington University (the "University"), by and through its undersigned counsel, hereby moves this Court to issue an order (1) dismissing Dina Soliman's Title VII claim against the University to the extent that she premises it upon alleged conduct that purportedly occurred before November 11, 2006; and (2) dismissing her D.C. Human Rights Act claim against the University, in its entirety.

In support of its Motion, the University commends to the Court the attached Memorandum of Points and Authorities.

LDR/231495.3

2

Wherefore, the University submits that the Court should grant the University's Motion.

        Respectfully submitted,

        ARENT FOX LLP

        By:     /s/ Kristine J. Dunne.
              Henry Morris, Jr. (Bar No. 375894)
              Kristine J. Dunne (Bar No. 471348)
        1050 Connecticut Avenue, N.W.
        Washington, D.C. 20036-5339
        Telephone: (202) 857-6000
        Facsimile: (202) 857-6395

        *Counsel for Defendant The George Washington University*

IN THE UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DINA SOLIMAN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE GEORGE WASHINGTON )<br>UNIVERSITY, *et al.*, )<br>)<br>    Defendants. )<br>) | Civil Action No.: 1:08-cv-01137-RJL |

**THE GEORGE WASHINGTON UNIVERSITY'S MEMORANDUM IN
SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL**

**I.     Introduction**

Dina Soliman has sued The George Washington University ("GW" or the "University") and a phalanx of other defendants for purportedly violating Title VII of the Civil Rights Act of 1964, the District of Columbia Human Rights Act ("DCHRA"), and local common law.

Her complaint contains four counts:

- In Count I, Soliman contends that each defendant tortiously interfered with her business relations.

- In Count II, she contends that the University and another defendant -- Medical Faculty Associates, Inc. ("MFA") -- violated the DCHRA and Title VII by discriminating against her due to her gender.

- In Count III, she contends that the University and the MFA unlawfully retaliated against her for engaging in statutorily protected activities.

- And, in Count IV, she contends that the other defendants violated the DCHRA by helping the University and the MFA to discriminate and retaliate against her.

Soliman's Title VII claim against the University is time-barred, however, to the extent that she premises it upon alleged conduct that purportedly occurred before November 11, 2006, more than 300 days before she filed her charge with the Equal Employment Opportunity Commission. Likewise, her DCHRA claim against the University is time-barred because she premises it upon alleged conduct that purportedly occurred before June 30, 2007, more than one year before she filed her Complaint.

Accordingly, the University submits that the Court should as a matter of law (l) dismiss Soliman's Title VII claim against the University, in part; and (2) dismiss her DCHRA claim against the University, in its entirety.

## II.     Argument

### A.     Standard of Review

Under Fed. R. Civ. P. Rule 12(b)(6), granting a motion to dismiss is appropriate when it "appears beyond doubt that the plaintiff can prove not set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Duncan v. Children's Nat'l Med. Ctr.*, 702 A.2d 207, 210 (D.C. 1997), *cert. denied,* 525 U.S. 912 (1998), *reh'g denied,* 525 U.S. 1036 (1998). That is precisely the situation here.

**B.    Plaintiff's Title VII Claim against the University is Time-barred to the Extent that She Premises it upon Conduct that Occurred before November 11, 2006.**

A Title VII plaintiff must timely exhaust all applicable administrative remedies before filing suit. *See Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (citations omitted). That means that such plaintiffs must file an administrative charge with the EEOC within 180 days after the alleged offending conduct -- 300 days in jurisdictions, such as the District of Columbia, that have an agency to enforce the anti-discrimination laws. 42 U.S.C. § 2000e-5(e)(1) (2008); 29 C.F.R. § 1601.13(a)(4)(ii); *Mohasco Corp. v. Silver*, 447 U.S. 807, 810 (1980).

Soliman filed her administrative charge on September 7, 2007.[1] Accordingly, her Title VII claim is time-barred to the extent that she premises it upon alleged conduct that purportedly occurred prior to November 11, 2006, 300 days before she filed her charge. That alleged conduct includes her contentions that (1) Dr. Gertrude Mergner removed her from her position on the Heart Team, Cmplt. ¶ 19; (2) the University reassigned her to work on more difficult emergency and weekend heart cases, Cmplt. ¶ 20; (3) Dr. Jason Sankar and Dr. Michael Berrigan spread false rumors that she was having affairs with residents and therefore was a threat to residents and fellows, Cmplt. ¶ 22; (4) Dr. Sankar rejected her application for a position on the Heart Team in favor of less-qualified male doctors, Cmplt. ¶ 23; (5) Dr. Paul Dangerfield and Dr. Sankar routinely assigned her to perform electroconvulsive therapy alone and to work alone in the electrophysiology ("EP") lab for long hours without breaks, Cmplt. ¶¶ 24, 36, 37, 55; (6) Dr. Dangerfield

---

[1] The University assumes only for the purposes of this Motion that Soliman's administrative charge names the University as a respondent.

and Dr. Sankar rarely scheduled her to teach or work with residents, Cmplt. ¶ 25; (7) Dr. Dangerfield and Dr. Sakar refused to schedule her or denied her the opportunity to work with residents, Cmplt. ¶ 36, 48, 54; (8) Dr. Sankar and Dr. Dangerfield told other physicians that she was incompetent and made false statements about her patient care, Cmplt. ¶¶ 29, 33; (9) Dr. Sankar and Dr. Dangerfield were hostile toward her when they worked together, Cmplt. ¶ 29; (10) Dr. Dangerfield repeatedly questioned her judgment during surgeries, Cmplt. ¶ 34; (11) Dr. Dangerfield disagreed with her about conducting a particular surgery and assigned another anesthesiologist when she refused to proceed with the surgery, Cmplt. ¶ 35; (12) Dr. Berrigan gave less-experienced male colleagues administrative positions that provided higher salaries, Cmplt. ¶¶ 40-43; (13) Dr. Paul Manner criticized her in front of a surgical team , Cmplt. ¶ 47; (14) Dr. Brian McGrath and Dr. Sankar criticized her in front of physicians and hospital staff, Cmplt. ¶ 49; (15) Dr. Dangerfield told her that she had come to work after she had been in a car accident, Cmplt. ¶ 56; (16) Dr. Dangerfield kept her from working with residents and assigned her to work alone on the Pain Service, the obstetrics ward and in the EP lab, Cmplt. ¶ 65; (17) Dr. Berrigan gave her performance evaluations that did not fairly reflect her accomplishments and contributions, Cmplt. ¶ 66; (18) she was given unequal EP lab assignments that prevented her from spending time with a visiting professor, Cmplt. ¶ 67; (19) Dr. Joshua Katz criticized her work in front of colleagues and spoke with her in a threatening and abusive manner while she was providing post-operative care to a patient, and then Dr. Katz and Dr. Plan stood outside the operating room and criticized her competence, Cmplt. ¶ 68; (20) Dr. Berrigan posted a blank annual report for her which she had not seen or agreed to, and then refused to change the false report before he and

the medical school dean discussed and signed it, Cmplt. ¶¶ 72-74; (21) Dr. Berrigan and Dr. Dangerfield falsely criticized her performance to officials at Holy Cross Hospital, where she had applied for a position, Cmplt. ¶ 75; (22) Dr. Carlos Silva, Dr. Berrigan and Dr. Guritzky falsely claimed that her substandard care caused a patient's death, and as a result her Medical Staff Membership and clinical privileges were suspended, Cmplt. ¶¶ 76-78; and (23) an ad hoc review committee reinstated her privileges conditioned upon an internal confidential peer review of her charts, Cmplt. ¶ 82.[2]

Thus, to the extent that Soliman premises her Title VII claim upon that purported conduct, her Title VII claim against the University fails as a matter of law.

Soliman may try to avoid dismissal by invoking the continuing violation doctrine. Any such effort, however, must fail.

As the Supreme Court has made clear, that doctrine is inapposite where, such as here, the plaintiff complains about discrete alleged discriminatory acts. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'") (citation omitted). *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) (a continuing violation may not be based solely upon an employee's having suffered from the ongoing effects of an earlier wrongful act).

---

[2] To the extent that the University relies upon facts alleged in Plaintiff's Complaint, it does so only for the purposes of this Motion and without any admission as to the truth of those alleged facts. Further, the University assumes only for the purposes of this Motion and without prejudice that these allegations, alone and taken together, constitute actionable "adverse action" that were committed by an agent or employee of the University.

**C.     Soliman's DCHRA Claim against the University is Untimely because She Premises it upon Conduct that Occurred before June 30, 2007.**

Soliman's DCHRA claim against the University also must fail, since she premises it upon alleged conduct that purportedly occurred more than a year before she sued.

DCHRA employment discrimination plaintiffs must sue within one year after the alleged offending conduct. D.C. Code Ann. § 2-1403.16. *See Byrd v. District of Columbia,* 538 F. Supp. 2d 170, 176 (D.D.C. 2008) (citing *Lively v. Flexible Packaging Assoc.*, 830 A.2d 874, 890-91 (D.C. 2003)).

Plaintiff filed her Complaint on June 30, 2008. Yet, all of the alleged conduct upon which she bases her DCHRA claim against the University purportedly occurred more than one year before that date. *See* Cmplt. ¶¶ 19- 110.

Thus, her DCHRA claim against the University is time-barred. And, the Court should dismiss it as a matter of law.

### III.     Conclusion

For all of the foregoing reasons, this Court should issue an order (1) dismissing Soliman's Title VII claim against the University to the extent that she premises it upon alleged conduct that purportedly occurred before November 11, 2006; and (2) dismissing her DCHRA claim against the University, in its entirety.

    Respectfully submitted,

    ARENT FOX LLP

    By:    ____/s/ Kristine J. Dunne._____
           Henry Morris, Jr. (Bar No. 375894)
           Kristine J. Dunne (Bar No. 471348)
    1050 Connecticut Avenue, N.W.
    Washington, D.C. 20036-5339
    Telephone:  (202) 857-6000
    Facsimile:  (202) 857-6395
    *Counsel for Defendant The George Washington University*

IN THE UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DINA SOLIMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:08-cv-01137-RJL |
| | ) |
| THE GEORGE WASHINGTON UNIVERSITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon consideration of Defendant The George Washington University's (the "University") Motion for Partial Dismissal of Plaintiff's Complaint, and Plaintiff's opposition thereto, it is hereby

ORDERED, that the University's Motion is GRANTED, and it is further

ORDERED, that Plaintiff's Title VII claim against the University is dismissed to the extent that Plaintiff premises the claim upon alleged conduct that purportedly occurred before November 11, 2006, and it is further

ORDERED, that Plaintiff's D.C. Human Rights Act claim against the University is dismissed in its entirety.

ENTERED this _____ day of August, 2008.

---------------------------------------------

Richard J. Leon,
United States District Court Judge

LDR/231557.1