IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMIBA

---

Dina Soliman, M.D.,      )
            )
     Plaintiff,    )
            )
      v.      )   Case:  1:08-cv-01137 (RJL)
            )
The George Washington University, *et al.*, )
            )
     Defendants.   )

---

**THE GEORGE WASHINGTON UNIVERSITY'S ANSWSER TO FIRST AMENDED COMPLAINT**

The George Washington University (the "University"), by and through its undersigned counsel, answers the First Amended Complaint for Declaratory and Monetary Relief (the "Complaint") as follows:

1. Paragraph No. 1 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  The University denies that it engaged in the alleged purported misconduct or that it engaged in any misconduct whatsoever.

2. Paragraph No. 2 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

3. Paragraph No. 3 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

4. The University admits that Plaintiff was employed by the University from July 10, 1998, until June 30, 2000.  The University lacks sufficient knowledge or information to admit or deny Plaintiff's allegations regarding her residence.  The University denies the remaining allegations contained in Paragraph No. 4 of the First Amended Complaint.

5.     The University admits that it is a non-profit, Congressionally-chartered corporation, organized in the District of Columbia, with its main headquarters at 2121 I Street, N.W., Washington, D.C.  20052.  The University further admits that Mary Lynn Reed is its registered agent and that her address is 2100 Pennsylvania Avenue, N.W., Suite 250, Washington, D.C. And, the University admits that it conducted business in the District of Columbia during the period relevant to this case.  The University denies the remaining allegations contained in Paragraph No. 5 of the First Amended Complaint.

6.     Not applicable.  The MFA is no longer a party in this action.  To the extent that a response is required, the University admits that the MFA is an incorporated non-profit entity that has an affiliation agreement with the University.  The University further admits that the MFA has offices in the Ambulatory Care Center.  The University lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph No. 6 of the First Amended Complaint.

7.     The University admits that it is a 20% limited partner in District Hospital Partners, LP ("DHP").  The University further admits that DHP owns and operates The George Washington University Hospital.  The University also admits that Universal Hospital Services of D.C. ("UHSDC") is DHP's general partner.  The University lacks sufficient knowledge to admit or deny Plaintiff's allegations concerning UHSDC's registered agent.  The University denies the remaining allegations contained in Paragraph No. 7 of the First Amended Complaint.

8.     The University admits that District Hospital Partners, L.P. ("DHP") is a limited partnership by and among UHSDC and the University.  The University further admits that District Hospital Partners, L.P. agreement speaks for itself.   The University lacks sufficient knowledge to admit or deny Plaintiff's allegations concerning DHP's registered agent.  The

2

University denies the remaining allegations contained in Paragraph No. 8 of the First Amended Complaint.

9.     The University admits that Dr. Becker as The George Washington University Hospital's chief executive office.  The University further admits that also held a faculty appointment as an Associate Professor of Anesthesiology and Critical Care Medicine at the University's School of Medicine and Health Sciences.  The University lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 9 of the First Amended Complaint.

10.     The University admits that Dr. Berrigan holds a faculty appointment as an Associate Professor of Anesthesiology and Critical Care Medicine at the University's School of Medicine and Health Sciences and that he chairs the School of Medicine and Health Sciences' Anesthesiology Department.  The University lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 10 of the First Amended Complaint.

11.     The University admits that Dr. Dangerfield holds a faculty appointment as an Assistant Professor of Anesthesiology and Critical Care Medicine at the University's School of Medicine and Health Sciences.  The University lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph No. 11 of the First Amended Complaint.

12.     The University admits that Dr. Sankar holds a faculty appointment as an Assistant Professor of Anesthesiology and Critical Care Medicine at the University's School of Medicine and Health Sciences.  The University denies that Dr. Sankar is the Director of Cardiac Anesthesia Education at the University.  The University lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph No. 12 of the First Amended Complaint.

RPP/264396.10

13.     The University denies the allegations contained in Paragraph No. 13 of the First Amended Complaint.

14.     The University lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 14 of the First Amended Complaint.

15.     The University admits that it employed Plaintiff from August 10, 1998 through June 30, 2000, that she was employed by the MFA as of July 1, 2000, and that she held a University faculty appointment from August 18, 1998 until January 28, 2007.   The University lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph No. 15 of the First Amended Complaint.

16.     The University admits that, in July 2008, the University hired Plaintiff to serve as an Assistant Clinical Professor of Anesthesiology and Critical Care Medicine and that she was scheduled to begin work on August 18, 1998.  The University denies the remaining allegations contained in Paragraph No. 16 of the First Amended Complaint.

17.     The University lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 17 of the First Amended Complaint.

18.     The University admits that it employed Plaintiff from August 10, 1998 through June 30, 2000, that she was employed by the MFA as of July 1, 2000, and that she held a University faculty appointment from August 18, 1998 until January 28, 2007.  The University lacks sufficient knowledge or information to admit or deny the remaining allegations contained in the Paragraph No. 18 of the First Amended Complaint.

19.     Not applicable.  Paragraph No. 19 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it. .

20.     Not applicable.  Paragraph No. 20 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it. .

21.     Not applicable.  Paragraph No. 21 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

22.     Not applicable.  Paragraph No. 22 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

23.     Not applicable.  Paragraph No. 23 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

24.     Not applicable.  Paragraph No. 24 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

25.     Not applicable.  Paragraph No. 25 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

26.     Not applicable.  Paragraph No. 26 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

RPP/264396.10

27.     Not applicable.  Paragraph No. 27 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

28.     Not applicable.  Paragraph No. 28 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

29.     Not applicable.  Paragraph No. 29 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

30.     Not applicable.  Paragraph No. 30 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

31.     Not applicable.  Paragraph No. 31 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

32.     Not applicable.  Paragraph No. 32 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

33.     Not applicable.  Paragraph No. 33 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

RPP/264396.10

34.     Not applicable.  Paragraph No. 21 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

35.     Not applicable.  Paragraph No. 35 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

36.     Not applicable.  Paragraph No. 36 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

37.     Not applicable.  Paragraph No. 37 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

38.     Not applicable.  Paragraph No. 38 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

39.     Not applicable.  Paragraph No. 39 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

40.     Not applicable.  Paragraph No. 40 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

RPP/264396.10

41.     Not applicable.  Paragraph No. 41 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

42.     Not applicable.  Paragraph No. 42 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

43.     Not applicable.  Paragraph No. 43 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

44.     Not applicable.  Paragraph No. 44 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegation as to it.

45.     Not applicable.  Paragraph No. 45 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegation as to it.

46.     Not applicable.  Paragraph No. 46 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegation as to it.

47.     Not applicable.  Paragraph No. 47 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegation as to it.

RPP/264396.10

48.     Not applicable.  Paragraph No. 48 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegation as to it.

49.     Not applicable.  Paragraph No. 49 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

50.     Not applicable.  Paragraph No. 50 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

51.     Not applicable.  Paragraph No. 51 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

52.     Not applicable.  Paragraph No. 52 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University admits that any letter that Plaintiff's attorney sent to the University's attorney speaks for itself.  The University lacks sufficient knowledge or information to admit or deny the remaining allegations contained in the Paragraph No. 52 of the First Amended Complaint.

53.     Not applicable.  Paragraph No. 53 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

RPP/264396.10

54.      Not applicable.  Paragraph No. 54 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

55.      Not applicable.  Paragraph No. 55 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

56.      Not applicable.  Paragraph No. 56 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

57.      Not applicable.  Paragraph No. 57 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

58.      Not applicable.  Paragraph No. 58 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

59.      Not applicable.  Paragraph No. 59 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

60.      Not applicable.  Paragraph No. 60 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

RPP/264396.10

61.    Not applicable.  Paragraph No. 61 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

62.    Not applicable.  Paragraph No. 62 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

63.    Not applicable.  Paragraph No. 63 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

64.    Not applicable.  Paragraph No. 64 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

65.    Not applicable.  Paragraph No. 65 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

66.    Not applicable.  Paragraph No. 66 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University admits that any letter that Plaintiff's attorney sent to the University's attorney speaks for itself.  The University lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph No. 66 of the First Amended Complaint.

67.     Not applicable.  Paragraph No. 67 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

68.     Not applicable.  Paragraph No. 68 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

69.     Not applicable.  Paragraph No. 69 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University admits that James Scott, the School of Medicine and Health Sciences' Dean, met with Plaintiff in or about April 2006.  The University further admits that, during the meeting, Plaintiff discussed with Dean Scott her perception of the way that she was being treated.  And, the University admits that Dean Scott informed her that he would discuss the matter with Dr. Berrigan.  The University denies the remaining allegations contained in Paragraph No. 69 of the First Amended Complaint.

70.     The University admits that, on or about May 23, 2006, Plaintiff sent a memorandum to Dean Scott.  That memorandum speaks for itself.

71.     Not applicable.  Paragraph No. 71 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

72.     Not applicable.  Paragraph No. 68 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

12

73.     Not applicable.  Paragraph No. 73 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University any allegations as to it.

74.     Not applicable.  Paragraph No. 74 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

75.     The University denies any allegations as to it.

76.     Not applicable.  Paragraph No. 76 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

77.     Not applicable.  Paragraph No. 77 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

78.     Not applicable.  Paragraph No. 78 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University denies any allegations as to it.

79.     The University denies that it created and ratified the Bylaws of the Medical and Dental Staff of The George Washington University Hospital.  The University lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph No. 79 of the First Amended Complaint.

80.     The University denies any allegations as to it..

81.     The University denies any allegations as to it.

82.     The University denies any allegations as to it.

83.     The University admits that Dr. Becker was The George Washington University

Hospital's chief executive officer.  The University denies that it engaged in any purported

wrongdoing that Plaintiff attributes to it and lacks sufficient knowledge or information to admit

or deny the remaining allegations contained in Paragraph No. 83 of the First Amended

Complaint.

84.     The University denies any allegations as to it.

85.     The University denies any allegations as to it.

86.     The University denies any allegations as to it.

87.     The University denies any allegations as to it.

88.     The University denies any allegations as to it.

89.     The University denies any allegations as to it.

90.     The University denies any allegations as to it.

91.     The University admits that its bylaws speak for themselves.   The University denies any

allegations as to it.

92.     The University denies any allegations as to it.

93.     The University denies any allegations as to it.

94.     The University denies any allegations as to it.

95.     The University denies any allegations as to it and lacks sufficient knowledge or

information to admit or deny the remaining allegations contained in Paragraph No. 95 of the First

Amended Complaint.

96.     The University denies any allegations as to it  and lacks sufficient knowledge or

information to admit or deny the remaining allegations contained in Paragraph No. 96 of the First

Amended Complaint.

RPP/264396.10

97.     The University denies any allegations as to it.

98.     The University denies any allegations as to it.

99.     The University denies any allegations as to it.

100.    The University denies any allegations as to it.

101.    The University denies any allegations as to it.

102.    The University denies any allegations as to it.

103.    The University denies any allegations as to it.

104.    The University admits that, by letter dated January 26, 2007, Plaintiff announced that she was resigning her faculty appointment with the University.  Plaintiff's letter speaks for itself. The University lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph No. 104 of the First Amended Complaint.

105.    The University denies any allegations as to it.

106.    The University admits that Plaintiff's resignation letter speaks for itself and denies any allegations as to it.

107.    The University denies any allegations as to it.

108.    The University denies any allegations as to it.

109.    The University denies any allegations as to it.

110.    The University denies any allegations as to it.

111.    The University denies any allegations as to it.

112.    The University denies any allegations as to it.

113.    The University denies any allegations as to it.

114.    The University denies any allegations as to it.

115.    The University denies any allegations as to it.

RPP/264396.10

116.    Not applicable.  Paragraph No. 116 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.  The remaining allegations contained in Paragraph No. 116 of the First Amended Complaint contain legal conclusions and/or jurisdictional allegations to which no response is required.

117.    Not applicable.  Paragraph No. 117 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, no response is required.  To the extent that a response is required, the University admits that Plaintiff filed her original Complaint in this case on June 30, 2008.   The University lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph No. 117 of the First Amended Complaint.

118.    The University restates and incorporates by reference its responses to the allegations contained in the paragraphs above, as though fully set forth herein.

119.    The University denies the allegations contained in Paragraph No. 119 of the First Amended Complaint.

120.    The University denies the allegations contained in Paragraph No. 120 of the First Amended Complaint.

121.    The University denies that the allegations contained in Paragraph No. 121 of the First Amended Complaint.

122.    The University denies the allegations contained in Paragraph No. 122 of the First Amended Complaint.

RPP/264396.10

123.     The University denies the allegations contained in Paragraph No. 123 of the First Amended Complaint.

124.     The University denies the allegations contained in Paragraph No. 124 of the First Amended Complaint.

125.     The University denies the allegations contained in Paragraph 125 of the Fist Amended Complaint.

126.     The University denies the allegations contained in Paragraph No. 126 of the First Amended Complaint.

127.     The University denies the allegations contained in Paragraph No. 127 of the First Amended Complaint.

128.     The   University denies the allegations contained in Paragraph No. 128 of the First Amended Complaint.

129.     The University denies the allegations contained in Paragraph No. 129 of the First Amended Complaint.

130.     The University denies the allegations contained in Paragraph No. 130 of the First Amended Complaint.

131.     The University denies the allegations contained in Paragraph No. 131 of the First Amended Complaint.

132.     The University denies the allegations contained in Paragraph No. 132 of the First Amended Complaint.

133.     The University denies the allegations contained in Paragraph No. 133 of the First Amended Complaint.

RPP/264396.10

134.    The University denies the allegations contained in Paragraph No. 134 of the First Amended Complaint.

135.    The University denies the allegations contained in Paragraph No. 135 of the First Amended Complaint.

136.    The University denies the allegations contained in Paragraph No. 136 of the First Amended Complaint.

137.    The University hereby restates and incorporates by reference its responses to the allegations contained in the paragraphs above, as though fully set forth herein.

138.    Not applicable.  Paragraph No. 138 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

139.    Not applicable.  Paragraph No. 139 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

140.    Not applicable.  Paragraph No. 140 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009. Thus, it requires no answer.

141.    Not applicable.  Paragraph No. 141 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.   Thus, it requires no answer.

142.    Not applicable.  Paragraph No. 142 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

RPP/264396.10

143.     Not applicable.  Paragraph No. 143 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

144.     Not applicable.  Paragraph No. 144 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

145.     Not applicable.  Paragraph No. 145 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

146.     Not applicable.  Paragraph No. 146 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

147.     Not applicable.  Paragraph No. 147 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

148.     The University hereby restates and incorporates by reference its responses to the allegations contained in the paragraphs above, as though fully set forth herein. Thus, it requires no answer.

149.     Not applicable.  Paragraph No. 149 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

RPP/264396.10

150.    Not applicable.  Paragraph No. 150 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

151.    Not applicable.  Paragraph No. 151 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.  Thus, it requires no answer.

152.    Not applicable.  Paragraph No. 152 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.  Thus, it requires no answer.

153.    Not applicable.  Paragraph No. 153 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009. Thus, it requires no answer.  Thus, it requires no answer.

154.    Not applicable.  Paragraph No. 154 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

155.    Not applicable.  Paragraph No. 154 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

156.    Not applicable.  Paragraph No. 156 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

RPP/264396.10

157.    Not applicable.  Paragraph No. 157 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

158.    Not applicable.  Paragraph No. 158 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.  Thus, it requires no answer.

159.    Not applicable.  Paragraph No. 159 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

160.    Not applicable.  Paragraph No. 160 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009. Thus, it requires no answer.

161.    Not applicable.  Paragraph No. 161 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

162.    Not applicable.  Paragraph No. 162 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

163.    Not applicable.  Paragraph No. 163 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

164.    Not applicable.  Paragraph No. 164 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Thus, it requires no answer.

165.    The University hereby restates and incorporates by reference its responses to the allegations contained in the paragraphs above, as though fully set forth herein.  Thus, it requires no answer.

166.    Not applicable.  Paragraph No. 166 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Plus, Paragraph No. 166 of the First Amended Complaint is not directed at the University.  Thus, it requires no answer.

167.    Paragraph No. 167 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Plus, Paragraph No. 167 of the First Amended Complaint is not directed at the University.  Thus, it requires no answer

168.    Paragraph No. 168 of the First Amended Complaint exclusively pertains to claims that the Court dismissed, by Order dated September 30, 2009.  Plus, Paragraph No. 168 of the First Amended Complaint is not directed at the University.  Thus, it requires no answer.

169.    The University denies that Soliman is entitled to the relief that she requests or to any relief whatsoever.

170.    The University denies each and every allegation contained in the First Amended Complaint that the University has not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Soliman has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Soliman has failed to mitigate her damages.

RPP/264396.10

## THIRD AFFIRMATIVE DEFENSE

The University is immune from liability under the Health Care Quality Immunity Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

Wherefore, having answered, the University submits that the Court should dismiss the

First Amended Complaint and grant the University such further relief as the Court deems just.

Respectfully submitted,

ARENT FOX LLP

By:          /s/ Henry Morris, Jr.
             Henry Morris, Jr. (Bar No. 375894)
             Kristine J. Dunne (Bar No. 471348)
      1050 Connecticut Avenue, N.W.
      Washington, D.C. 20036-5339
      (202) 857-6000/Telephone
      (202) 857-6395/Facsimile
      morris.henry@arentfox.com,
      dunne.kristine@arentfox.com

Counsel for The George Washington University

RPP/264396.10